UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| TIMOTHY J. BURKE ROZZETTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:17-cv-01763-JAW |
| | ) | |
| FORD MOTOR COMPANY et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION IN LIMINE**

The Court grants the defendant's motion in limine to limit the testimony of treating physicians who were not designated as experts to their testimony as percipient, not expert, witnesses.

## I.    BACKGROUND

On June 5, 2017, Timothy J. Burke Rozzetti filed a complaint in this Court against Ford Motor Company (Ford Motor),[1] alleging that when he lost control of a Ford Explorer on July 6, 2016, the vehicle's safety restraining system, including the air bags and seat belts, failed to function properly and consequently he sustained serious physical injuries.  *Compl.* ¶¶ 20-23.  Mr. Burke Rozzetti claims that Ford Motor is strictly liable for its defective product, for placing a product in an unreasonably dangerous condition into the stream of commerce, for placing a defective product into the stream of commerce, for a failure to warn users of the

---

[1]      The Complaint also lists as Defendants "John Doe 1" through "John Doe 50" as individuals who are not residents of Puerto Rico who designed, distributed, and promoted the Ford Explorer involved in this case and "John Doe 51" through "John Doe 100" as individuals who are not residents of Puerto Rico who provided insurance for John Does 1 through 50.  *Compl.* ¶¶ 17-18 (ECF No. 1).

Explorer's latent defect, and for breach of warranty and is also liable under theories of negligence per se and temerity. *Id.* ¶ 44-83.  On August 2, 2017, Ford Motor answered the Complaint, denying its essential allegations and asserting affirmative defenses. *Ford Motor Company's Answer and Affirmative Defenses to Pl.'s Compl.* (ECF No. 7).

On October 19, 2017, the magistrate judge issued an order, setting a scheduling and settlement conference and establishing a deadline for the parties to submit a joint scheduling memorandum. *Order* (ECF No. 14).  On October 26, 2017, the parties submitted a joint scheduling memorandum. *Joint Initial Scheduling Conf. Mem.* (ECF No. 15).  On October 30, 2017, the magistrate judge held a scheduling conference and established the following relevant deadlines: (1) June 30, 2018, for Mr. Burke Rozzetti to file any expert reports, (2) July 31, 2018, for Ford Motor to file any liability expert reports, (3) August 28, 2018, for Ford Motor to file any medical expert reports, and (4) October 30, 2018, as a discovery deadline. *Min. Entry* (ECF No. 16).  On October 2, 2018, United States District Judge Gustavo Gelpi granted a motion to extend the discovery deadline until December 30, 2018. *Mot. to Extend Disc. Period* (ECF No. 18); *Order* (ECF No. 19).  On October 30, 2018, Magistrate Judge Bruce McGiverin granted a second motion to extend the discovery deadline, fixing March 11, 2019, as the new discovery deadline. *Second Mot. to Extend Disc. Period as Result of Unexpected Med. Condition* (ECF No. 21); *Order Granting Mot. for Extension of Time* (ECF No. 23).  After the discovery period closed, the parties briefed a dispositive motion and on February 12, 2020, Judge Gelpi denied

the motion for summary judgment.  *Opinion and Order* (ECF No. 41).  On the same day, Judge Gelpi referred the case to Magistrate Judge McGiverin for a pretrial/settlement conference.  *Order Referring Case* (ECF No. 42).  On March 4, 2020, Chief Judge Gelpi reassigned the case to this judge.  *Order Reassigning Case* (ECF No. 45).

On March 4, 2020, Ford Motor filed a motion in limine.  *Ford Motor Company's Mot. in Limine to Preclude Pl.'s Two Treating Physicians from Testifying as Expert Witnesses* (ECF No. 43) (*Ford's Mot.*).  On April 14, 2020, Mr. Burke Rozzetti responded to Ford Motor's motion in limine.  *Resp. in Opp'n to "Ford Motor Company's Mot. in Limine to Preclude Pl.'s Two Treating Physicians from Testifying as Expert Witnesses"* (ECF No. 51) (*Pl.'s Opp'n*).

On March 5, 2020, the Court issued an order, noting the parties' estimate of the length of trial, notifying the parties that it was contemplating scheduling trial from June 8, 2020, to June 12, 2020, and noting the ongoing scheduling process for a pretrial conference.  *Order* (ECF No. 46).  On March 13, 2020, the Court held a pretrial conference by videoconference and issued a Final Pretrial Order.  *Min. Entry* (ECF No. 48); *Report on Final Pretrial Conf. and Order* (ECF No. 50).  The Court also ordered a settlement conference.  *Order Referring to Magistrate Judge for Settlement Conf.* (ECF No. 49).  With the onset of the COVID-19 pandemic, the anticipated deadlines were frozen.  On April 15, 2020, Ford Motor filed a motion to continue the jury trial for ninety days due to the COVID-19 crisis, and on April 21, 2020, the Court

granted the motion.  *Ford Motor Company's Mot. for 90 Day Continuance of Trial* (ECF No. 52); *Order Granting Mot. to Continue Trial* (ECF No. 53).[2]

## II.   POSITIONS OF THE PARTIES

### A.   Ford Motor's Motion in Limine

After reviewing the status of the court disclosure orders, Ford Motor notes that Mr. Burke Rozzetti timely filed his engineering report consistent with the orders but did not file any expert medical reports.  *Ford's Mot.* at 1-2.  Ford Motor says that "[t]wenty months later," on March 3, 2020, the parties exchanged witness lists for the draft Proposed Joint Pretrial Order and for the first time, Mr. Burke Rozzetti listed as trial expert witnesses treating orthopedist Dr. Christian Foy and treating physician Anelys Torres Rivera.  *Id.* at 2.  Ford Motor objects to Mr. Burke Rozzetti using these physicians as experts and suggests a schedule of disclosure if the Court allows them to testify as experts.  *Id.*

### B.   Timothy Burke Rozzetti's Opposition

Mr. Burke Rozzetti objects to the exclusion of the listed treating physicians. *Pl.'s Opp'n* at 2.  Mr. Burke Rozzetti says he disclosed both physicians in his initial disclosures as individuals with discoverable information.  *Id.*  Mr. Burke Rozzetti cites *Gonzalez v. Exec. Airlines, Inc.*, 236 F.R.D. 73 (D.P.R. 2006), for the proposition

---

[2]      On April 24, 2020, Magistrate Judge McGiverin scheduled a telephonic settlement conference for May 7, 2020.  *Scheduling Order* (ECF No. 54).  In his May 7, 2020, report of the conference, Magistrate Judge McGiverin wrote that the parties remain "far apart."  *Min. Entry* (ECF No. 55). Nevertheless, Mr. Burke Rozzetti agreed to consider Ford Motor's offer and the parties were required to file a joint informative motion on settlement status by May 18, 2020.  *Id.*  Magistrate Judge McGiverin noted that the parties could request another settlement conference if they believe it would be productive.  *Id.*  The parties filed a joint information motion stating they are still "too far apart" on May 18, 2020, which the Court noted on June 3, 2020.  *Joint Mot. in Compliance with Order Regarding Settlement Status* (ECF No. 56); *Order Noted Mot. in Compliance* (ECF No. 57).

4

that a treating physician may testify at trial without the requirement of a written report. *Id.* He also cites *Gomez v. Rivera Rodríguez*, 344 F.3d 103 (1st Cir. 2003), for the principle that a treating physician is the sort of witness with specialized knowledge who does not need to be considered an expert for purposes of filing a report as part of pretrial discovery. *Id.* Mr. Burke Rozzetti notes that treating physicians "are not bound by the expert report requirements of [Federal Rule of Civil Procedure] 26 so long as they limit their testimony to those opinions that they formed and relied on during the course of their examination and/or treatment of the patient." *Id.* Mr. Burke Rozzetti proposes to call these physicians to testify as to "[his] diagnosis after the accident; the damages sustained by [Mr.] Burke Rozzetti; the cause of the damages sustained by [Mr. Burke Rozzetti]; the treatment provided to [Mr] Burke Rozzetti; recommendations given to [Mr.] Burke Rozzetti; the prognosis of [Mr.] Burke Rozzetti; the present condition of [Mr.] Burke Rozzetti; and, everything related to the above topics without any limitation whatsoever." *Id.* at 3. Mr. Burke Rozzetti states that the "proffered testimony of Dr. Chritian Foy and Dr. Anelys Torres Rivera is directly related to the facts of the treatment given by them to [Mr. Burke Rozzetti] and the opinions formed by them in the course of treatment." *Id.* Therefore, Mr. Burke Rozzetti concludes, "these treating physicians need not file the expert report required by Rule 26(a)(2)(B)." *Id.*

### III.   DISCUSSION

The parties have not presented the Court with a synopsis of Dr. Foy's and Dr. Torres Rivera's proposed testimony and therefore the Court can only make general observations about the admissibility of their presumed testimony.

In 2003, the First Circuit addressed precisely the question the parties raise here: whether a treating physician must be treated like an expert under Rule 26(a). *Gomez*, 344 F.3d at 113.   Addressing the definition of expert, the *Gomez* Court clarified that the "definition does not encompass a percipient witness who happens to be an expert.   If the individual is not providing testimony under [Federal Rule of Evidence] 702, he is not an expert witness for the purpose of Rule 26." *Id.*   In fact, the First Circuit observed that "[t]he advisory committee specifically used the example of a treating physician to illustrate the sort of witness who may have specialized knowledge yet need not be considered an expert for the purpose of submitting a report as part of pretrial discovery." *Id.*

Since 2003, the First Circuit and the district court in Puerto Rico have hewed to this same rule.   *See Samaan v. St. Joseph Hosp.*, 670 F.3d 21, 36 (1st Cir. 2012) ("Taking the plaintiff's designations in context and crediting his assertion that [two physicians] were within the penumbra of 'medical treatment providers,' it is nose-on-the-face plain that these two physicians were intended to be fact witnesses who would testify only as to the nature of the plaintiff's condition and the extent of his damages. The plaintiff knew how to designate a causation expert . . . and he did not make even a semblance of such a designation with respect to [the two physicians]"); *see Gonzalez*,

236 F.R.D. at 78 ("[T]he [undesignated treating] physician's testimony must be closely constrained to the facts of the treatment administered and discussed in his notes taken at the time of his examination").  To the extent that Mr. Burke Rozzetti wishes to call Drs. Foy and Torres Rivera as "percipient witnesses," his failure to list them as experts under Rule 26 does not preclude their testimony as percipient, fact-based witnesses.

But there are limitations on the testimony of a treating medical doctor who has not been designated as an expert.  In 2014, in *Ramos-Ríos v. United States*, CIVIL NO. 12-1985 (GAG), 2014 U.S. Dist. LEXIS 163536 (D.P.R. Nov. 18, 2014), now Chief Judge Gelpi explained the limitation for undesignated physicians: "[The physicians'] testimonies will explain their personal role in the events at issue, and not their expert medical opinions regarding the cause of [Mr.] Ramos Ríos' damages or Defendants' liability, for example."  *Id.* at *5.  Chief Judge Gelpi wrote:

> [T]he court cautions that their testimonies must be closely constrained to facts based on their personal knowledge of the events at issue, i.e., their direct involvement in the care, diagnosis, examination and/or treatment of [Mr.] Ramos Ríos.  In other words, [the physicians'] testimonies shall not extend beyond the facts made known to them during the course of the care and treatment of [Mr.] Ramos Ríos or their personal knowledge of such related events.  Further, they cannot provide an opinion testimony.

*Id.* at *6 (internal citation omitted).

Taking Mr. Burke Rozzetti's list of permissible areas of testimony for Drs. Foy and Torres Rivera, they will be allowed to testify as fact witnesses about their diagnosis, treatment, and prognosis of Mr. Burke Rozzetti.  They may testify about their medical recommendations to him and, if a proper foundation is established, his

current condition.  They will not be allowed to testify about causation.  As the Court's conclusion is in line with Ford Motor's request, the Court grants its motion.  At the same time, the Court reminds the parties that it has set forth only general principles and its ruling on any specific testimony must be based on the trial context and what Dr. Foy and Dr. Torres Rivera are proffered to testify at trial.

Unlike some in limine rulings, where the Court has enough information to make a firm ruling, here the Court is merely stating the general rule and not making a definitive decision.  *See Crowe v. Bolduc*, 334 F.3d 124, 133 (1st Cir. 2003) ("Our rule as to motions in limine is that a party must renew at trial its motion to offer or exclude evidence if there has been an earlier provisional ruling by motion in limine and a clear invitation to offer evidence at trial.  If, by contrast, the in limine ruling is final and unconditional, the issue was preserved for appeal and no further steps need be taken to preserve the issue" (internal citation omitted)); *United States v. Takesian*, 945 F.3d 553, 562 (1st Cir. 2019) (stating that where there is ambiguity as to whether a ruling is definitive, the objecting party has the duty to clarify).  Counsel will be required to object as appropriate at trial if and when the issue arises.  *See United States v. Nazario-Quiñones*, Crim. No. 18-cr-574-JL, 2020 U.S. Dist. LEXIS 53186, at *11 (D.P.R. Mar. 5, 2020) ("This ruling is without prejudice to revisiting particular issues in response to circumstances that might arise during trial").

**IV.     CONCLUSION**

The Court GRANTS Ford Motor Company's Motion in Limine to Preclude Plaintiff's Two Treating Physicians from Testifying as Expert Witnesses (ECF No. 43).

SO ORDERED.

/s/ John A. Woodcock, Jr.<br>JOHN A. WOODCOCK, JR.<br>UNITED STATES DISTRICT JUDGE

Dated this 9th day of June, 2020